IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Milliken & Company, Inc., | ) |
| Plaintiff, | ) C.A. No. 7:10-cv-00301-JMC |
| v. | ) **OPINION AND ORDER** |
| Dana M. Smith, | ) |
| Defendant. | ) |

This matter is before the court on Defendant Dana M. Smith's ("Smith") Motion to Dismiss Plaintiff Milliken & Company, Inc.'s ("Milliken") Complaint pursuant to Rules 12(b)(6) and 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, Motion to Transfer Venue [Doc. # 15]. For the reasons set forth below, the court grants Smith's Motion to Dismiss.

### FACTUAL AND PROCEDURAL HISTORY[1]

Milliken is a Delaware Corporation that is duly authorized and registered to do business in South Carolina, and its corporate headquarters for all of its operations worldwide are located in Spartanburg, South Carolina. As part of its business operations, Milliken designs, manufactures, markets, and sells commercial carpet products, including a wide range of high performance modular and broadloom floor coverings for customers in the commercial hospitality industry, both inside and outside of the United States.

---

[1]This factual recitation is taken substantially from Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and Motion to Dismiss Pursuant to Rule 12(b)(3) or, in the Alternative, Motion to Transfer Venue [Doc. # 22] ("Milliken's Mem. In Opp.").

1

Milliken hired Smith on May 7, 2007 to work as an Account Manager in the Atlanta, Georgia metro area of its Southeastern Region for its Hospitality Carpets Business. Smith signed an Associate Agreement (the "Agreement") on her first day of work at Milliken. As an Account Manager, Smith was responsible for working with existing and prospective Milliken customers, including specifically, furniture, fixtures and equipment purchasing companies ("FF&E Purchasers") in the hospitality industry, hotel ownership groups, hotel management groups, interior design firms, commercial business owners, and carpet dealers, to solicit sales of Milliken's hospitality carpet products and assist with the design, implementation, installation, and maintenance of these products. Smith resigned her position with Milliken on January 25, 2010, to take a position with Desso, a flooring company that manufactures and sells broadloom and printed carpet products that allegedly compete directly with the products Smith sold for Milliken. Smith's last day of employment with Milliken was February 3, 2010, at which time Milliken collected from Smith Milliken property in her possession, including her computer, cell phone, credit card, and company car.

Milliken contends that, during Smith's employment, it provided Smith with confidential, proprietary, and trade secret information about the company's hospitality carpet products, including design, development, and manufacturing processes and limitations, the Company's current and future marketing and sales strategies for these products to help Milliken compete against traditional broadloom and printed carpet products sold by Milliken's competitors, and detailed customer data and pricing information related to these products and Smith's customer base. Milliken further asserts that it has provided Smith with strategic business information regarding the Company's plans to compete against Desso and other competitors who sell broadloom and printed carpet products in the

hospitality industry, as well as significant training and education in the textiles business in general and commercial hospitality carpet sales in particular.

After Smith began working for Desso, Milliken brought this action against her alleging breach of contract and misappropriation of trade secrets. Smith filed this motion with the court to dismiss the matter on the bases of Milliken's failure to state a claim and improper venue. Alternatively, Smith requests the court transfer venue of the case to the U.S. District Court for the Northern District of Georgia.

## STANDARD OF REVIEW

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Smith argues that Milliken has failed to state a claim in its Complaint upon which relief may be granted. A plaintiff asserting a breach of contract action must demonstrate: (1) a binding contract entered into by the parties; (2) a breach or unjustifiable failure to perform the contract; and (3) damage suffered by the complaining party as a direct and proximate result of the breach. *See Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962). Milliken has pled facts demonstrating that Smith entered into the Agreement at issue in consideration of her initial employment and the relevant terms of that Agreement. Milliken has also pled facts demonstrating that Smith began employment with Desso, an allegedly "Conflicting Organization" under the Agreement, to sell hospitality carpet products, which are allegedly "Conflicting Products" under the Agreement. However, as Milliken points out in its memoranda, the Agreement does not prohibit employment with a Conflicting Organization or employment concerning merely the sale of Conflicting Products. The Employment Agreement actually provides that an employee "will not

4

render the same or similar services . . . to any Conflicting Organization **in connection with the promotion of any Conflicting Product to any person or organization upon whom [the employee] called, or whose account [the employee] supervised on behalf of Milliken**, at any time during the last two years of my employment by Milliken." See Employment Agreement at F [Doc. # 1-1] (emphasis added); *see also* Milliken's Mem. in Opp. at 17.  Milliken makes no factual allegations in the Complaint that Smith has actually solicited Milliken customers or promoted any Conflicting Product to a Milliken customer in breach of her Employment Agreement.

Additionally, Milliken makes no factual allegations in the Complaint that Smith has disclosed any of Milliken's trade secret information in breach of confidence. To state a cause of action under the South Carolina Trade Secrets Act for the misappropriation of trade secrets by a former employee, a plaintiff must show: (1) the existence of a trade secret; (2) communicated in confidence by the plaintiff to the employee; (3) disclosed by the employee in breach of that confidence; (4) acquired by the defendant with knowledge of the breach of confidence; and (5) used by the defendant to the detriment of the plaintiff. *See Nucor Corp. v. Bell*, 482 F. Supp. 2d 714 (D.S.C. 2007).

Milliken relies on *Nucor Corp. v. Bell* for its recitation of the elements of its claim of misappropriation of trade secrets. However, *Nucor Corp. v. Bell* does not sanction Milliken's view that a bald assertion of "threatened" disclosure, without more, fulfills the elements of the action. In *Nucor Corp.*, Nucor alleged that the former employee engaged in acts of misappropriation including downloading the plaintiff's information for competitive use and actually recruited Nucor employees for positions with the new company in contravention of the employee's agreement with Nucor that threatened Nucor's trade secrets. Nucor claimed that, given the former employee's acts of

misappropriation and breaches of loyalty, disclosure of Nucor's confidential trade secret information was inevitable and injunctive relief was necessary to prevent further harm to Nucor. No such allegations of actual breach of contract, breach of loyalty, or misappropriation appear in Milliken's Complaint against Smith. Although the Complaint does contain the averment that "Smith has either used and disclosed, or will inevitably use and disclose, Milliken's Trade Secrets in violation of S.C. Code §§ 39-8-10 et seq," Complaint at ¶ 28, it contains no factual allegations beyond this conclusory statement amounting to little more than an assertion of the elements of the claim. In defending the Motion to Dismiss, Milliken has provided additional information tending to show that, at this time, Milliken only **believes** that Smith will **inevitably** use Milliken's confidential information to Desso's advantage. Milliken's Mem. in Opp. at 7.

Although Milliken argues for the application of the "inevitable disclosure" doctrine, South Carolina courts have not adopted the application of the theory in the circumstances at issue in this case. In a subsequent order in *Nucor Corp. v. Bell, et al.*, No. 2:06-CV-02972-DCN (D.S.C. Mar. 14, 2008), the district court recognized that, although never directly addressed by the South Carolina Supreme Court, the "inevitable disclosure" doctrine could be viable under South Carolina law. Again, this recognition was in the context of allegations of actual misappropriations. *See Id*. While this court does not doubt that "inevitable disclosure" could be properly pled as part of a misappropriation claim, a plaintiff must include factual allegations in the Complaint for which one could conclude that inevitable disclosure is actually plausible. Stating that the plaintiff suspects that the defendant will "inevitably" disclose trade secret information without more is insufficient to meet the pleading requirements of Rule 8, Fed. R. Civ. P. Milliken must allege more than that Smith was

formerly employed by it and now she works for someone else to adequately plead this cause of action.

Viewing the allegations of the Complaint in the light most favorable to Milliken, there are simply insufficient allegations in the Complaint to state a claim to relief that is plausible on its face. Accordingly, the court **GRANTS** Smith's Motion to Dismiss [Doc. # 15] and dismisses Milliken's Complaint without prejudice.[2]

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>
United States District Judge

March 16, 2011<br>
Greenville, South Carolina

---

[2] The court declines to address the remaining issues raised by the parties as unnecessary given the court's disposition of Smith's Rule 12(b)(6) Motion to Dismiss.